**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

LARAEL-KARRIS OWENS, K.L.O.,
a minor child, and L.Z.O., a minor
child,

       Plaintiffs,

vs.                                   Case No. 3:21-cv-510-MMH-MCR

FLORIDA DEPARTMENT OF
REVENUE and ASHLEY MOODY,

       Defendants.
_____/

**O R D E R**

    **THIS CAUSE** is before the Court on Plaintiffs' Motion for Preliminary Injunction (Doc. 16; Motion), as well as Plaintiffs' Memorandum in Support of Their Motion for Preliminary Injunction (Doc. 17; Memo), both filed on November 23, 2021. In the Motion, Plaintiffs request the entry of a preliminary injunction pursuant to Rule 65(a), Federal Rules of Civil Procedure. See Motion at 1. It appears Plaintiffs seek an order staying a Florida Department of Revenue action against Plaintiff Larael-Karris Owens and a "release" of Owens' "bank levy." See Memo at 13.

    Generally, a preliminary injunction is an extraordinary and drastic remedy. See McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998); see also Davidoff & CIE, S.A. v. PLD Int'l Corp., 263 F.3d 1297, 1300

(11th Cir. 2001). Indeed, "[a] preliminary injunction is a powerful exercise of judicial authority in advance of trial." Ne. Fla. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville, Fla., 896 F.2d 1283, 1284 (11th Cir. 1990). Thus, in order to grant a request for preliminary injunctive relief, the movant bears the burden to clearly establish the following:

> (1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the injunction were not granted, (3) that the threatened injury to the [movant] outweighs the harm an injunction may cause the [opposing party], and (4) that granting the injunction would not disserve the public interest.

Am. Red Cross v. Palm Beach Blood Bank, Inc., 143 F.3d 1407, 1410 (11th Cir. 1998); see also Davidoff & CIE, S.A., 263 F.3d at 1300; McDonald's Corp., 147 F.3d at 1306; Ne. Fla., 896 F.2d at 1284-85. The movant, at all times, bears the burden of persuasion as to each of these four requirements. See Ne. Fla., 896 F.2d at 1285. And the failure to establish an element will warrant denial of the request for preliminary injunctive relief and obviate the need to discuss the remaining elements. See Pittman v. Cole, 267 F.3d 1269, 1292 (11th Cir. 2001) (citing Church v. City of Huntsville, 30 F.3d 1332, 1342 (11th Cir. 1994)); Del Monte Fresh Produce Co. v. Dole Food Co., 148 F. Supp. 2d 1326, 1339 n.7 (S.D. Fla. 2001).

Upon review of the Motion and Memo in support, the Court finds that Plaintiffs have failed to demonstrate a substantial likelihood of success on the merits. Accordingly, Plaintiffs have not met their burden of establishing an entitlement to preliminary injunctive relief and the Motion is due to be denied. In light of the foregoing, it is

**ORDERED**:

Plaintiffs' Motion for Preliminary Injunction (Doc. 16) is **DENIED**.

**DONE AND ORDERED** in Jacksonville, Florida, this 23rd day of November, 2021.

*[Signature]*
MARCIA MORALES HOWARD
United States District Judge

lc11
Copies to:

Counsel of Record
Pro Se Parties