## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

LARAEL-KARRIS OWENS, K.L.O.,
a minor child, and L.Z.O., a minor
child,

        Plaintiffs,

                                          Case No. 3:21-cv-510-MMH-MCR

vs.

FLORIDA DEPARTMENT OF
REVENUE and ASHLEY MOODY,

        Defendants.

_____/

## O R D E R

**THIS CAUSE** is before the Court <u>sua</u> <u>sponte</u>. Plaintiffs Larael-Karris

Owens, K.L.O. and L.Z.O., who are proceeding <u>pro</u> <u>se</u>, initiated the instant

action on May 14, 2021, by filing a Complaint for a Civil Case and Memorandum

of Law (Doc. 1) against Defendants the Florida Department of Revenue and the

Attorney General Ashley Moody, in her official capacity.[1]  At the time he

initiated this case, Owens sought leave to proceed <u>in</u> <u>forma</u> <u>pauperis</u>.  As such,

and in accordance with 28 U.S.C. § 1915(e)(2)(B), the Magistrate Judge reviewed

---

[1] The Court notes that Owens appears to be attempting to bring this action on behalf of himself and his minor children.  However, because he is proceeding <u>pro</u> <u>se</u>, Owens may not represent the minor children K.L.O. and L.Z.O. in this action.  <u>See</u> <u>Whitehurst v. Wal-Mart</u>, 306 F. App'x 446, 449 ("[A] non-lawyer parent has no right to <u>represent</u> a child in an action in the child's name.").  As such, if he continues to proceed <u>pro</u> <u>se</u>, Owens must file the second amended complaint only in his own name.

the Complaint to determine whether the action was frivolous, failed to state a claim on which relief may be granted, or sought monetary relief from a defendant who is immune from such relief. <u>See</u> Order (Doc. 3) at 3-8, entered June 11, 2021. In doing so, the Magistrate Judge noted, among other problems, that the Complaint failed to comply with the Federal Rules of Civil Procedure. <u>Id.</u> at 7-8. As such, the Magistrate Judge directed Owens to file an amended complaint that complied with his Order and all applicable rules and law. <u>See id.</u> at 9. Owens filed the "Plaintiff Amended Complaint" (Doc. 4; Amended Complaint) on July 6, 2011. However, upon review, the Court finds that the Amended Complaint still fails to comply with the applicable rules of procedure. As such, the Court will strike the Amended Complaint and provide Owens with one final opportunity to file a proper pleading.

As explained by the Magistrate Judge, while <u>pro se</u> complaints are held to a less stringent standard than those drafted by an attorney, <u>Wright v. Newsome</u>, 795 F.2d 964, 967 (11th Cir. 1986), the <u>pro se</u> litigant is still required to "'conform to procedural rules.'" <u>Riley v. Fairbanks Capital Corp.</u>, 222 F. App'x 897, 898 (11th Cir. 2007) (quoting <u>Loren v. Sasser</u>, 309 F.3d 1296, 1304 (11th Cir. 2002)).[2] The Rules require that a complaint contain "a short and plain

---

[2] All filings with the Court must be made in accordance with the requirements of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for

statement of the claim showing that the pleader is entitled to relief."  Rule 8(a)(2).  "'A complaint need not specify in detail the precise theory giving rise to recovery. All that is required is that the defendant be on notice as to the claim being asserted against him and the grounds on which it rests.'"  Evans v. McClain of Ga., Inc., 131 F.3d 957, 964 n.2 (11th Cir. 1997) (citation omitted). Despite Rule 8(a)'s liberal pleading requirement, "a complaint must still contain either direct or inferential allegations respecting all material elements of a cause of action." Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006) (emphasis omitted).  Rules 8 and 10 work together "'to require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted, and, at trial, the court can determine that evidence which is relevant and that which is not.'" Fikes v. City of Daphne, 79 F.3d 1079, 1082 (11th Cir. 1996) (citation omitted).  "Where the allegations

---

the Middle District of Florida ("Local Rules"). The Local Rules are available for review at www.flmd.uscourts.gov, and a copy may be obtained by visiting the Clerk's Office. The Federal Rules of Civil Procedure are available in the law libraries of the state and federal courthouses.

In citing to Riley, the Court notes that "[a]lthough an unpublished opinion is not binding . . . it is persuasive authority." United States v. Futrell, 209 F.3d 1286, 1289 (11th Cir. 2000) (per curiam); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36–2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

of a complaint are 'vague and ambiguous - leaving the reader to guess at precisely what the plaintiff [is] claiming,' the court should order a repleader." Holbrook v. Castle Key Ins. Co., 405 F. App'x 459, 460 (11th Cir. 2010) (quoting Byrne v. Nezhat, 261 F.3d 1075, 1128 (11th Cir. 2001)).  Moreover, in a case with multiple defendants, the complaint should contain specific allegations with respect to each defendant; generalized allegations "lumping" multiple defendants together are insufficient to permit the defendants, or the Court, to ascertain exactly what a plaintiff is claiming. See West Coast Roofing and Waterproofing, Inc. v. Johns Manville, Inc., 287 F. App'x 81, 86 (11th Cir. 2008) (citing Ambrosia Coal & Const. Co. v. Pages Morales, 482 F.3d 1309, 1317 (11th Cir. 2007) and Brooks v. Blue Cross and Blue Shield of Fla., Inc., 116 F.3d 1364, 1381 (11th Cir. 1997)).

The Eleventh Circuit Court of Appeals has a term for complaints which violate Rules 8 and 10 in the ways discussed above—shotgun pleadings. See Tran v. City of Holmes Beach, 817 F. App'x 911, 913 (11th Cir. 2020). Significantly, although pro se pleadings such as Owens' are construed more liberally than those drafted by attorneys, the Eleventh Circuit regardless has "little tolerance for shotgun pleadings." See Arrington v. Green, 757 F. App'x 796, 797 (11th Cir. 2018) (quotations omitted). Here, the Amended Complaint is "full of conclusory, vague, and immaterial facts not obviously connected to any

4

particular cause of action," and it "does not separate each cause of action or claim for relief into different counts . . . ." <u>Tran</u>, 817 F. App'x at 913.  Indeed, the Amended Complaint contains fourteen pages of overly long paragraphs with a "confusing combination of facts, legal analysis, and bare accusations."  <u>See</u> <u>Thomason v. Ala. Home Builders Licensure Bd.</u>, 741 F. App'x 638, 641 (11th Cir. 2018) (affirming dismissal of complaint, <u>inter alia</u>, for failure to comply with Rules 8 and 10).  This manner of pleading fails to comply with Rules 8 and 10, and ultimately, as with all types of shotgun pleadings, fails "'to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.'"  <u>See Tran</u>, 817 F. App'x at 913 (quoting <u>Weiland v. Palm Beach Cnty. Sheriff's Office</u>, 792 F.3d 1313, 1320 (11th Cir. 2015)).

In light of the foregoing, the Court will strike the Amended Complaint for failure to comply with Rules 8 and 10 and the requirements of the Magistrate Judge's June 11, 2021 Order.  The Court will provide Owens with one final opportunity to properly draft his pleadings.  Owens must utilize separate paragraphs, with "simple, concise, and direct" allegations, and separate each claim into distinct counts.  <u>See Thomason</u>, 741 F. App'x at 641.  Owens is cautioned that failure to comply with the requirements of the Court's Orders and the Federal Rules of Civil Procedure may result in the dismissal of this

action without further notice.  <u>Id.</u> ("The district court also has the power to dismiss a complaint for failure to comply with Rule 8(a) and Rule 10(b).").

> **ORDERED**:

1. Plaintiff['s] Amended Complaint (Doc. 4) is **STRICKEN**.

2. Plaintiff Larael-Karris Owens shall file a second amended complaint consistent with the directives of this Order on or before **December 30, 2021**.  Failure to do so may result in a dismissal of this action.

   **DONE AND ORDERED** in Jacksonville, Florida, this 9th day of December, 2021.

MARCIA MORALES HOWARD
United States District Judge

lc11
Copies to:

Counsel of Record
Pro Se Parties

6